**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

PAUL KLICK III and JULIE KLICK,

    Plaintiffs,

v.

ASBESTOS CORPORATION, LTD., et al.,

    Defendants.

Civil Action No. 20-16654 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court upon Defendant The Boeing Company's ("Boeing" or "Defendant") Motion to Dismiss for Lack of Personal Jurisdiction. (ECF No. 4.) Plaintiffs Paul Klick III ("Mr. Klick") and Julie Klick (collectively, "Plaintiffs") opposed (ECF No. 20) and Defendant replied (ECF No. 34). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion to Dismiss is granted.

## I.    BACKGROUND

    Plaintiff Paul Klick III was diagnosed with mesothelioma on or about July 17, 2020, as a result of his exposure to asbestos. Among other things, Plaintiffs allege that Mr. Klick was "occupationally exposed to asbestos and asbestos-containing products while serving in the United States Air Force between 1967 and 1971. Mr. Klick breathed the airborne dust created from mechanics under his direct supervision maintaining, removing and installing asbestos-containing friction and insulation products on the B-52G and KC-135A." (Compl. ¶ 2, ECF No. 1-1.) The

B-52G and KC-135A are Boeing aircrafts. (Pls.' Opp'n Br. 2, ECF No. 20.) Mr. Klick's work involving Boeing products occurred when he was stationed in Maine from January 1967 to August 1971 while serving in the United States Air Force ("USAF"). (Pls.' Initial Fact Sheet ¶ 9, Ex. B to O'Malley Cert., ECF No. 4-3.) Plaintiffs also allege that Mr. Klick had other exposures to asbestos that were not related to his work with Boeing aircrafts and are not at issue for purposes of deciding the present motion. (*See* Compl. ¶ 2.) Plaintiffs allege that "[a]s a direct and proximate result of the above exposure[]," Mr. Klick "contracted mesothelioma and has suffered, and continues to suffer, from other various diverse injuries and attendant complications." (*Id.* ¶ 3.)

Plaintiffs filed this asbestos personal injury action in the Superior Court of New Jersey on October 20, 2020. (ECF No. 1-1.) Defendant removed this action on the basis of federal officer jurisdiction under 28 U.S.C. § 1442(a)(1). (Notice of Removal, ECF No. 1.) Defendant then filed the instant Motion to Dismiss for Lack of Personal Jurisdiction. (ECF No. 4.)

## II. LEGAL STANDARD

Under Rule 12(b)(2), a defendant may move to dismiss an action for lack of personal jurisdiction. "[O]nce a defendant has raised a jurisdictional defense," the plaintiff must "prov[e] by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (citations omitted).

In a diversity action, a New Jersey federal court "has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004). "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Id.* (citation omitted). "Thus, parties who have constitutionally sufficient 'minimum contacts' with New Jersey are subject to suit there." *Id.*

A federal district court may exercise two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). General jurisdiction exists when a defendant's "affiliations with the State are 'so continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "The 'paradigm' forums in which a corporate defendant is 'at home' . . . are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (citing *Daimler*, 571 U.S. at 137; *Goodyear*, 564 U.S. at 924). Specific jurisdiction allows a court to exercise jurisdiction over a non-resident defendant where: (1) the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum"; (2) the litigation "arise[s] out of or relate[s] to at least one" of those contacts; and (3) the exercise of jurisdiction "comport[s] with fair play and substantial justice." *Goodyear*, 564 U.S. at 923–24 (first and fourth alterations in original) (internal quotation marks and citations omitted).

When the district court does not hold an evidentiary hearing, "the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales*, 384 F.3d at 97 (citation omitted). Once the plaintiff has shown minimum contacts, the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable. *See Mellon Bank (East) PSFS v. Farino*, 960 F.2d 1217, 1226 (3d Cir. 1992).

## III. DISCUSSION

### A. General Jurisdiction

Plaintiffs argue that Defendant's motion should be denied because the Court has specific personal jurisdiction over Boeing, but do not address Defendant's arguments regarding general

3

jurisdiction, nor do they argue that the Court has general personal jurisdiction over Boeing. Nevertheless, upon review of the parties' submissions, the Court finds that Boeing's activities in New Jersey are insufficient to exercise general jurisdiction. New Jersey is neither Boeing's place of incorporation nor its principal place of business. (Def.'s Moving Br *4,[1] ECF No. 4-5; Clifford Decl. ¶¶ 3-4, Ex. C to O'Malley Cert., ECF No. 4-4.) *See McClung v. 3M Co.*, No. 16-2301, 2019 WL 4668053, at *9 (D.N.J. Sep. 25, 2019). Defendant also points out that Boeing's revenues derived from New Jersey amount to 0.42% of the company's total revenue and that Boeing employs 0.02% of its workforce in the state. (Clifford Decl. ¶¶ 5, 7.) Consequently, as the Court also found in *McClung*, "Boeing's commercial activities within New Jersey are relatively trivial in comparison to its total operations." *McClung*, 2019 WL 4668053, at *9 (citation omitted). Boeing, therefore, cannot be considered "at home" in New Jersey. *Daimler*, 571 U.S. at 127. Thus, the Court does not have general personal jurisdiction over Boeing.

## B. Specific Jurisdiction

According to Defendant, Plaintiffs do not allege that any of Mr. Klick's allegations regarding his work with Boeing aircrafts and resulting alleged asbestos exposure occurred in New Jersey, or that any of Plaintiffs' claims arise out of or relate to Boeing's business activities within New Jersey. (Def.'s Moving Br. *6–7.) Instead, Defendant argues, Plaintiffs allege that Mr. Klick's work with and around the Boeing aircrafts occurred in Maine while he was serving in the Air Force. (*Id.* at *7; *see* Pls.' Initial Fact Sheet ¶ 9.)

In response, Plaintiffs do not dispute that Mr. Klick's work with Boeing aircrafts occurred in Maine and not New Jersey. Instead, Plaintiffs argue that their claims arise out of or relate to Boeing's business activities within New Jersey because Boeing "contracted with multiple New

---

[1] Page numbers proceeded by an asterisk refer to the page number in the ECF header.

4

Jersey manufacturers of asbestos-containing component parts, which were incorporated into Defendant's B-52G and KC-135A aircrafts." (Pls.' Opp'n Br. 4.) Specifically, Plaintiffs argue Boeing acquired parts from the following New Jersey manufacturing facilities: Bendix Corporation, Johns-Manville Products, and Raybestos-Manhattan, Inc. (*Id.* at 2.) In support, Plaintiffs provide excerpts from interrogatory responses from other litigations in which, according to Plaintiffs: (1) Bendix Corporation admits to manufacturing and supplying asbestos-containing aircraft brake linings for certain military aircraft;[2] (2) Johns-Manville Products admits to manufacturing and supplying asbestos-containing gaskets;[3] and (3) Pratt and Whitney Power Systems, Inc. admits to utilizing asbestos-containing components in its aviation engines manufactured by Johns-Manville and Raybestos.[4] Plaintiffs also offer excerpts from Boeing's technical manuals for the B-52G and KC-135A to demonstrate that Boeing was supplied with component parts from Bendix Corporation, Johns-Manville Products, and Raybestos-Manhattan, Inc. that, as Plaintiffs argue, contained asbestos as demonstrated by the above interrogatory responses.[5]

The crux of Plaintiffs' argument for specific personal jurisdiction, based on the above materials, is as follows:

> [D]uring the relevant time, Defendant voluntarily ch[ose] New Jersey based companies to supply it with asbestos-containing components which were utilized in its aircrafts, particularly the B-52G and KC-135A. Mr. Klick worked on and around both the Boeing B-52G and KC-135A, where he was exposed to asbestos from asbestos-containing friction and insulation products. As such, but for Defendant's voluntary relationship with New Jersey based companies, which manufactured and supplied asbestos-containing products from New Jersey that

---

[2] (*See* Resp. to Plaintiffs' Master Interrogs. No. 4, Ex. E to Pls.' Opp'n Br., ECF No. 20-5.)
[3] (*See* Resp. to Interrogs. No. C.2(c), Ex. F to Pls.' Opp'n Br., ECF No. 20-6.)
[4] (*See* Resp. to Plaintiffs' Master Interrogs. No. 6, Ex. G to Pls.' Opp'n Br., ECF No. 20-7.)
[5] (*See* Excerpt from Boeing's Technical Manual for the USAF Series B-52G, Ex. C to Pls.' Opp'n Br., ECF No. 20-3; Excerpt from Boeing's Technical Manual for the USAF Series KC-135A, Ex. D to Pls.' Opp'n Br., ECF No. 20-4.)

5

> Defendant incorporated into its aircrafts, Mr. Klick would not have been exposed to hazardous asbestos fibers. Thus, Defendant's voluntary contractual relationship with numerous New Jersey based manufacturers, who supplied asbestos-containing components for multiple aircraft models of Defendant, makes it indisputable that suit in New Jersey against Defendant is reasonably foreseeable.

(Pls.' Opp'n Br. 7–8.) Neither in their Complaint nor in their briefing do Plaintiffs allege any additional contacts between Boeing and New Jersey, or activities of Boeing conducted in New Jersey, beyond the purchasing of the asbestos-containing component parts from the New Jersey manufacturers.

In reply, Defendant points to *McClung v. 3M Company*, an asbestos personal injury case involving similar allegations against Boeing in which this Court determined it lacked both general and specific personal jurisdiction over Boeing. *See* 2019 WL 4668053, at *10. The plaintiff in that case similarly claimed that because Boeing's predecessor[6] purchased asbestos-containing component parts from a New Jersey vendor for an aircraft that the plaintiff worked on, Boeing was subject to personal jurisdiction in New Jersey. *Id.* at *11. There, the Court found that "even if [the p]laintiff could establish that Boeing's predecessor purchased component parts on the [Boeing] aircraft from a vendor in New Jersey and that [the plaintiff] encountered those parts while maintaining [Boeing] aircrafts" outside of New Jersey, the plaintiff failed to establish a prima facie case of specific personal jurisdiction because: (1) the plaintiff "failed to show that Boeing purposefully targeted the forum," *id.*; and (2) "even if [the p]laintiff could establish that Boeing purposefully targeted New Jersey," the plaintiff "also fail[ed] to show that her claims arise out of or are related to Boeing's . . . purchases in New Jersey." *Id.* at *13.

---

[6] *McClung* involved the alleged actions of Boeing's predecessor, McDonnell Douglas, and not of Boeing. This distinction, however, did not influence the *McClung* Court's reasoning, which for purposes of determining personal jurisdiction, treated Boeing and its predecessor as one entity. *See generally McClung*, 2019 WL 4668053.

6

As to the first prong of the specific personal jurisdiction analysis, the *McClung* Court found that "a defendant's mere purchases from a vendor within the forum state are not enough to demonstrate that the defendant purposefully directed its activities at the forum state." *Id.* at *11 (citations omitted). As to the second prong, despite citing to the case for propositions of law, Plaintiffs do not address the factual similarities between this case and *McClung*, nor do they attempt to distinguish the two cases. (*See* Pls.' Opp'n Br. 4–5.) Indeed, Plaintiffs misinterpret *McClung*'s reasoning regarding relatedness, the second prong. Plaintiffs cite *McClung* for the proposition that to satisfy the relatedness prong, "a plaintiff must show that his claim would not have arisen but for defendant's contacts with the forum, and . . . that litigation in the forum was reasonably foreseeable." (Pls.' Opp'n Br. 5 (citing *McClung*, 2019 WL 4668053, at *9-10).) Plaintiffs fail to acknowledge, however, that the *McClung* Court further clarified that the Third Circuit has instructed that "'the relatedness inquiry cannot stop at but-for causation' because but-for causation alone 'is vastly overinclusive in its calculation of a defendant's reciprocal obligations.'" 2019 WL 4668053, at *13 (quoting *O'Connor*, 496 F.3d at 322). Instead, "[t]he animating principle behind the relatedness requirement is the notion of a tacit quid pro quo that makes litigation in the forum reasonably foreseeable." *O'Connor*, 496 F.3d at 322 (citation omitted). "As such, specific jurisdiction 'requires a closer and more direct causal connection than that provided by the but-for test' and a finding of but-for causation does not end the analysis." *McClung*, 2019 WL 4668053, at *3 (quoting *O'Connor*, 496 F.3d at 323). "Rather, '[t]he inquiry is fact-sensitive, and should hew closely to the reciprocity principle upon which specific jurisdiction rests.'" *Id.* (quoting *Colvin v. Van Wormer Resorts, Inc.*, 417 F. App'x 183, 187 (3d Cir. 2011)).

7

Plaintiffs have not provided any argument or any case law addressing this part of the Third Circuit's relatedness test. In fact, Plaintiffs provide no support for the exercise of specific personal jurisdiction in the context of this case, nor do they attempt to distinguish this case from *McClung*. Instead, Plaintiffs commit the same errors as the plaintiff in *McClung* in their but-for argumentation, by "conflat[ing] the tort liability analysis with the personal jurisdiction analysis." *McClung*, 2019 WL 4668053, at *13. Here, as the *McClung* Court explained on similar facts, Boeing may have reasonably expected to be haled into New Jersey court on, for example, a breach of contract claim arising from the purchases it made from the New Jersey manufacturers. *Id.* at *13. "It is far less clear, however, that the mere purchasing of [asbestos-containing] material constitutes a contact 'intimate enough to keep the quid pro quo proportional and personal jurisdiction reasonably foreseeable'" on Plaintiffs' tort claims arising from Mr. Klick's exposure to Boeing aircrafts during the course of his work in Maine. *Id.* (quoting *O'Connor*, 496 F.3d at 323). Therefore, drawing all reasonable inferences as Plaintiffs suggest, including that the component parts that Boeing purchased from the New Jersey vendors contained asbestos and even, *in arguendo*, that Boeing purposefully targeted New Jersey through these transactions, Plaintiffs have failed to make a prima facie case of specific personal jurisdiction over Boeing.[7]

The parties here do not discuss severing and transferring the claims against Boeing. A district court may do so sua sponte, however, "if [doing so] is in the interest of justice." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124 (3d Cir. 2020) (quoting 28 U.S.C. § 1631). Nevertheless, "[i]f a plaintiff may, on its own, refile its case in a proper forum, 'the

---

[7] Similarly, Plaintiffs' request in the alternative for leave to conduct jurisdictional discovery would be futile. Even if Plaintiffs' arguments regarding Boeing's purposeful targeting of New Jersey were substantiated, they would be insufficient to establish personal jurisdiction for the reasons discussed above, and Plaintiffs' request is therefore denied.

8

interests of justice' do not demand transfer." *Danziger*, 948 F.3d at 133. And as the parties have not identified courts that may hear this case, nor have Plaintiffs argued they would be barred from refiling elsewhere, the Court declines to sever and transfer the claims against Boeing to another jurisdiction.

## IV. CONCLUSION

The Court grants Defendant's Motion to Dismiss for Lack of Personal Jurisdiction. The Court will enter an Order consistent with this Memorandum Opinion.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**