**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PAUL KLICK, III and JULIE KLICK, <br><br> Plaintiffs, <br><br> v. <br><br> ASBESTOS CORPORATION, LTD., et al., <br><br> Defendants. | Civil Action No. 20-16654 (MAS) (DEA) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Pneumo Abex LLC's, successor in interest to Abex Corporation, ("Abex" or "Defendant") Motion to Dismiss for Lack of Personal Jurisdiction. (ECF No. 37.) Plaintiffs Paul Klick III ("Mr. Klick") and Julie Klick (collectively, "Plaintiffs") opposed (ECF No. 40) and Defendant replied (ECF No. 49). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion to Dismiss is denied and the parties are ordered to conduct jurisdictional discovery and submit supplemental briefing.

## I.    BACKGROUND

Plaintiff Paul Klick III was diagnosed with mesothelioma on or about July 17, 2020, as a result of his exposure to asbestos. Plaintiffs allege that Mr. Klick was "occupationally exposed to asbestos and asbestos-containing products while serving in the United States Air Force between 1967 and 1971. Mr. Klick breathed the airborne dust created from mechanics under his direct supervision maintaining, removing and installing asbestos-containing friction and insulation

products on the B-52G and KC-135A." (Compl. ¶ 2, ECF No. 1-1.) Mr. Klick's work involving Abex products[1] occurred when he was stationed in Maine from January 1967 to August 1971 while serving in the United States Air Force ("USAF"). (Pls.' Initial Fact Sheet ¶ 9, Ex. B to Def.'s Moving Br., ECF No. 37-4.) Plaintiffs allege that Abex manufactured asbestos-containing brakes that were on the aircrafts. (Pls.' Opp'n Br. 1–2, ECF. No. 40.) Plaintiffs allege that "[a]s a direct and proximate result of the above exposure[]," Mr. Klick "contracted mesothelioma and has suffered, and continues to suffer, from other various diverse injuries and attendant complications." (Compl. ¶ 3.)

Plaintiffs filed this asbestos personal injury action in the Superior Court of New Jersey on October 20, 2020. (ECF No. 1-1.) This action was removed to this Court on the basis of federal officer jurisdiction under 28 U.S.C. § 1442(a)(1). (Notice of Removal, ECF No. 1.) Abex then filed the instant Motion to Dismiss for Lack of Personal Jurisdiction. (ECF No. 37.)

## II.    LEGAL STANDARD

Under Rule 12(b)(2), a defendant may move to dismiss an action for lack of personal jurisdiction. "[O]nce a defendant has raised a jurisdictional defense," the plaintiff must "prov[e] by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (citations omitted).

---

[1] In their Complaint, Plaintiffs do not allege specifically which asbestos products manufactured by Abex were used in the aircrafts, nor do Plaintiffs raise any specific allegations regarding Abex's conduct. Instead, Plaintiffs refer to "Defendants" and "asbestos products" generally. (*See generally* Compl.) Defendant states, however, that "Plaintiffs allege personal injury resulting from Mr. Klick's use of various products containing asbestos, including those manufactured by Abex. With regard to Abex, it is alleged that [P]laintiff developed mesothelioma resulting from asbestos exposure in the United States Air Force." (Def.'s Moving Br. 5, ECF No. 37-2.) For purposes of deciding the present motion, the Court accepts Defendant's summary of the facts, including that Abex manufactured asbestos-containing products used in the aircrafts that Mr. Klick worked on.

In a diversity action, a New Jersey federal court "has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004). "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Id.* (citation omitted). "Thus, parties who have constitutionally sufficient 'minimum contacts' with New Jersey are subject to suit there." *Id.*

A federal district court may exercise two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). Here, the parties agree that Abex is not subject to the Court's general jurisdiction. (*See* Def.'s Moving Br. 11–13; Pls.' Opp'n Br. 5–6.) Specific jurisdiction allows a court to exercise jurisdiction over a non-resident defendant where: (1) the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum"; (2) the litigation "arise[s] out of or relate[s] to at least one" of those contacts; and (3) the exercise of jurisdiction "comport[s] with fair play and substantial justice." *Goodyear Dunlop Tires Ops. v. Brown*, 564 U.S. 915, 923–24 (2011) (first and fourth alterations in original) (internal quotation marks and citations omitted).

When the district court does not hold an evidentiary hearing, "the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales*, 384 F.3d at 97 (citation omitted). Once the plaintiff has shown minimum contacts, the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable. *See Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1226 (3d Cir. 1992).

## III. DISCUSSION

Defendant argues that Abex is not subject to specific personal jurisdiction because Plaintiffs' Complaint does not allege that Mr. Klick ever came into contact with any Abex products

while he was in New Jersey, nor is there any indication that Plaintiffs' claims against Abex arise out of or relate to Abex's business activities within the state. (Def.'s Moving Br. 10.) Defendant argues that "the only allegations presented by [P]laintiff[s] involve Mr. Klick's alleged use of asbestos-containing products while supervising and working on military aircraft in Maine as a member of the Air Force." (*Id.* at 10–11.)

In response, Plaintiffs argue that Abex owned and operated a research and development facility in Mahwah, New Jersey during the relevant time and that this presence establishes specific personal jurisdiction. (Pls.' Opp'n Br. 4.) Plaintiffs allege that research and development was conducted at this New Jersey facility in furtherance of Abex's products, "such as the asbestos-containing brake shoes Mr. Klick was exposed to from 1968 through 1971." (*Id.* at 6.) Plaintiffs argue that "but for Defendant's voluntary operation of its research and development center in New Jersey, . . . Mr. Klick would not have been exposed to asbestos fibers, and subsequently diagnosed with mesothelioma." (Pls.' Opp'n Br. 8.) Plaintiffs also argue that because of Abex's activities in New Jersey, "it [is] indisputable that suit in New Jersey against Defendant is reasonably foreseeable." (*Id.* at 6.) Plaintiffs do not, however, provide any case law in support of their conclusory legal arguments regarding the reasonable foreseeability of jurisdiction on these facts. And, Plaintiffs offer only deposition testimony from another case, in which an Abex representative averred that Abex had a "corporate research center in Mahwah, New Jersey." (Indelicato Dep. Tr. 11:2-8, Ex. C to Pls.' Opp'n Br., ECF No. 40-5.) Plaintiffs do not offer specific evidence regarding the work conducted at this facility in New Jersey or the connection between this facility and Mr. Klick's asbestos exposure.

Defendant, in reply, does not address specific jurisdiction or Plaintiffs' arguments. Instead, Defendant reiterates its arguments regarding general jurisdiction and misconstrues Plaintiffs'

arguments regarding Abex's New Jersey facility, stating that "Plaintiffs' position that Abex's research and development department in New Jersey constitutes its principal place of business fails as a matter of law." (Def.'s Reply Br. *3, ECF No. 49.)[2] As discussed above, Plaintiffs do not, however, argue that Abex's New Jersey facility confers general jurisdiction. Defendant neither concedes nor opposes Plaintiffs' arguments as to specific jurisdiction. Defendant offers no evidence to rebut Plaintiffs' claim that work relating to the products at issue was conducted at Abex's facility in New Jersey, nor does Defendant argue that even if such contacts occurred, they would be insufficient to confer specific jurisdiction over Abex.

In light of the above deficiencies in the parties' briefings, the Court declines to make a finding regarding personal jurisdiction on the present record, and instead grants Plaintiffs' request in the alternative for jurisdictional discovery. "Jurisdictional discovery may be permitted when the existing record is 'inadequate' to support personal jurisdiction and a party demonstrates that it can supplement its jurisdictional allegations through discovery. Jurisdictional discovery should be sustained when factual allegations suggest the possible existence of requisite contacts between the defendant and the forum state with 'reasonable particularity.'" *Senju Pharm. Co., Ltd. v. Metrics, Inc.*, 96 F. Supp. 3d 428, 435 (D.N.J. 2015) (quoting *Mellon Bank*, 960 F.2d 1217, 1223 (3d Cir. 1992)). Plaintiffs' facts as argued in their brief tend to show that the Court may have specific jurisdiction, but they have not provided sufficient "competent evidence" at this stage. *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d at 330. The Court orders the parties to conduct narrow, limited jurisdictional discovery regarding Abex's Mahwah, New Jersey facility and whether any of the products Mr. Klick was exposed to were specifically developed, researched, or otherwise

---

[2] Page numbers preceded by an asterisk refer to the page number on the ECF header.

the subject of the work conducted at that facility during the relevant time. The parties may submit supplemental briefing after such discovery is completed.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Defendant's Motion to Dismiss for Lack of Personal Jurisdiction without prejudice to Defendant's right to renew the motion following jurisdictional discovery and supplemental briefing. Jurisdictional discovery will be permitted as described above. The period for this discovery shall be forty-five days. Within seven days thereafter, the parties may file supplemental briefs on the question of whether this Court has specific jurisdiction over Defendant Abex. The Court will enter an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE