**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PAUL KLICK III *et al.*,

        Plaintiffs,

v.

ASBESTOS CORPORATION LTD. *et al.*,

        Defendants.

Civil Action No. 20-16654 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Plaintiffs Paul Klick III ("Paul") and Julie Klick's (together with Paul, "Plaintiffs") unopposed Motion to Remand. (ECF No. 117.) Also before the Court is a proposed order from Defendant Goodrich Corporation ("Goodrich"), requesting that the Court dismiss certain crossclaims against it (the "Proposed Order"). (ECF No. 119.) The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Plaintiffs' Motion and denies Goodrich's Proposed Order as moot.

**I.    BACKGROUND**

The motion and proposed order arise out of a suit for various state-law torts stemming from the manufacture, distribution, and use of asbestos. (*See generally* Compl., ECF No. 1-1.) Paul alleges that he developed mesothelioma from roughly fifty years of occupational exposure to asbestos. (Am. Compl. ¶ 2, ECF No. 84.) For example, Plaintiffs' Complaint alleges that, while serving in the U.S. Air Force, Paul "breathed the airborne dust created from mechanics under his

direct supervision maintaining, removing and installing asbestos-containing friction and insulation products on the B-52G and KC-135A." (*Id.*)

This case found its way to federal court when Defendant The Boeing Company ("Boeing") removed based on federal officer jurisdiction. (Notice of Removal, ECF No. 1.) The Court later dismissed Boeing from the case for lack of personal jurisdiction. (ECF No. 97.) Plaintiffs now seek to remand, arguing that the Court lacks subject matter jurisdiction because the party asserting federal officer jurisdiction (Boeing) is no longer in the case. Separately, another Defendant, Goodrich, requests that all crossclaims against it be dismissed because the Court previously dismissed Plaintiffs' claims against Goodrich. (ECF No. 119.)

## II. DISCUSSION

The Court agrees that this case should be remanded. "Once the federal parties (or . . . the claims based upon actions taken pursuant to federal direction) are dismissed from a case which has been removed under § 1442(a)(1), a federal district court has the power either to adjudicate the remaining state claims or to remand to state court." *Gulati v. Zuckerman*, 723 F. Supp. 353, 358 (E.D. Pa. 1989) (citations omitted); *see also Robinson v. U.S. Cold Storage, Inc.*, No. 01-697, 2002 WL 187511, at *3 (D. Del. Feb. 5, 2002) ("Where the federal defendants have been dismissed from a case which has been removed under § 1442(a)(1), . . . the district court can either exercise supplemental jurisdiction over the case or remand to state court."). In making this determination, the Court should consider "judicial economy, convenience and fairness to litigants." *McAfee v. 20th Century Glove Corp. of Tex.*, No. 13-6856, 2015 WL 3631832, at *2 (E.D. Pa. June 10, 2015) (citations omitted). Here, the Court exercises its discretion to remand the case back to state court. Plaintiffs' Complaint alleges exclusively state-law claims and discovery has not yet begun. The Court has also not yet weighed in on the merits of this case. *See Gulati*, 723 F. Supp. at 359 ("Since no proceedings in this court have addressed the merits of the plaintiff's remaining . . . claim,

judicial economy will not be disserved by a remand.") In addition, the Court finds little inconvenience or unfairness to the parties, especially because Plaintiffs' Motion is unopposed.[1]

### III. CONCLUSION

The Court exercises its discretion to remand this matter to state court and grants Plaintiffs' Motion. Because the Court no longer retains jurisdiction over this case, it denies as moot Goodrich's Proposed Order. The Court will issue an order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court lacks jurisdiction, it declines to decide Goodrich's Proposed Order. *See Chrustowski v. Cumberland Cnty. Guidance Ctr.*, No. 06-4847, 2006 WL 3780555, at *2 (D.N.J. Dec. 20, 2006) ("[I]t is incumbent upon the Court to proceed to decide [the jurisdictional] motion first because, if granted, the case is remanded back to the court of initial jurisdiction for proceedings.").

3